UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST LOUIS HEART CENTER, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  No. 4:11CV1193 HEA<br>) |
| JACKSON & COKER LOCUMTENENS, LLC, | )<br>)<br>) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Standing, [Doc. No. 9]. Plaintiff opposes the motion, and the parties have presented their memoranda in support of their respective positions. For the reasons set forth below, the Motion is denied.

Plaintiff filed a "Class Action Petition" in the Circuit Court of the County of St. Louis, Missouri on May 16, 2011, seeking damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), by sending unsolicited faxed advertisements. Defendant removed the matter based on the Court's diversity of citizenship jurisdiction. Defendant now moves the Court to dismiss the complaint for lack of standing on the basis that a settlement offer

mooted Plaintiff's claims.  Plaintiff resists the motion, arguing that the settlement offer fails to moot its claims because Defendant submitted the offer prior to the filing of this action and before Plaintiff had retained counsel, and the offer does not completely satisfy Plaintiff's claims.

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies."  In general, a plaintiff's claims become moot at the time he no longer has "a legally cognizable interest in the outcome"-that is, when he no longer has a personal stake in the claim. *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980) (internal quotation omitted).  "In a class action, dismissal on mootness grounds normally is required when the named plaintiffs' claims become moot prior to a decision on class certification.  *Hechenberger v. W. Elec. Co.,* 742 F.2d 453, 455 (8th Cir.1984); *Inmates of Lincoln Intake and Det. Facility v. Boosalis,* 705 F.2d 1021, 1023 (8th Cir.1983)."  *Anderson v. CNH U.S. Pension Plan,* 515 F.3d 823, 826 (8th Cir. 2008); *Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975)(When a named plaintiff lacks a personal stake in the litigation prior to class certification, the case becomes moot and the court should dismiss the action for lack of subject matter jurisdiction); *Littlefield v. Kirspel,* 2008 WL 4278167, 2 (E.D.Ark. 2008).

The matter currently before the Court is peculiar to those instances where a defendant may "pick off" the named plaintiff's individual claim because Defendant made its offer of settlement *prior to* the time Plaintiff became a plaintiff in this lawsuit.  On December 2, 2010, before Plaintiff had signed a retainer agreement, counsel who would ultimately become counsel for Plaintiff, received a generic settlement offer letter aimed at picking off 51 possible *future* clients who would consider bringing a class action against Defendant for its unsolicited fax advertisements.  The offer was made to "any person or entity" that was or would be represented by counsel in any future TCPA suits against Defendant.  Clearly, this "offer of settlement" fails in that there was, at the time the letter was sent, no plaintiff with whom Defendant could settle, no action pending which could be settled and no damages for which the settlement offer could compensate an injured party.

Plaintiff filed its Petition individually and as the representative of a class of similarly situated persons.  As of this date, however, Plaintiff has not filed a motion for certification of the class, and therefore, a ruling on whether to certify the class has not been made.  Defendant once again sent an offer of settlement.  This offer, however, likewise fails to moot Plaintiff's claims.  As Plaintiff appropriately argues, the offer neglects to comprehensively include Plaintiff's

claims.  In its Petition, Plaintiff seeks damages for each *violation* of the Act, while the offer merely includes treble damages for fax advertisements *received* by Plaintiff.  Without discovery on the issue of damages, it is unascertainable whether these two amounts are indeed the same.  As such, the Court is unable to unequivocally conclude that Defendant's offer encompasses Plaintiff's damages in their entirety.  The motion, therefore, must be denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 9] is denied.

Dated this 30th day of March, 2012.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE